UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BRENT SHELLEY,

     Plaintiff,

v.                                      No. 1:17-CV-98

TRANSAMERICA LIFE INSURANCE
COMPANY, a foreign corporation, and
STACY SILVESTRI,

     Defendants.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C § 1332 and § 1441
(DIVERSITY JURISDICTION)**

     **PLEASE TAKE NOTICE** that Defendants Transamerica Life Insurance Company ("Transamerica") and Stacey Silvestri (incorrectly spelled in the caption as "Stacy") ("Silvestri") (collectively, "Defendants") hereby remove to this Court the state court action described below without waiving any rights, privileges, or defenses:

**I.**    **Introduction**

     1.    On December 13, 2016, an action was commenced in the First Judicial District Court, County of Santa Fe, State of New Mexico (the "State Court Action"), styled *Shelley v. Transamerica Life Insurance Co., et al.*, Case no D-101-CV-2016-02713.

     2.    Plaintiff Brent Shelley ("Plaintiff") asserts that Defendants have knowingly, negligently, and/or in bad faith deprived Plaintiff of rights and benefits under a life insurance policy issued in favor of Plaintiff's deceased wife, Estella Shelley. *See generally*, Complaint.

     3.    Plaintiff also asserts claims  arising under New Mexico statutory laws and common law, namely, the New Mexico Unfair Trade Practices Act, NMSA § 57-12-1 *et seq.*, the New Mexico Insurance Code, NMSA §59A-16-20, common law concepts of breach of contract,

100325209_1

misrepresentation, violations of the covenants of good faith and fair dealing, bad faith, negligence, and other elements of New Mexico common law. *Complaint ¶7.*

4.      The New Mexico Superintendent of Insurance accepted service of the Complaint and Summons on behalf of Transamerica on December 19, 2016.

5.      Defendants' counsel accepted service on behalf of Silvestri and filed a Notice of Acceptance of Service in the State Court Action on January 18, 2016.

6.      Pursuant to 28 U.S.C. § 1446(a), a copy of all papers received by Defendants in this matter are attached to this Notice of Removal as **Exhibit A**.  Copies of records and proceedings from the state court action will be requested and promptly filed with the Clerk pursuant to D.N.M. LR-CV 81.1.

7.      This Court has diversity jurisdiction under 28 U.S.C. § 1332  and § 1441 because there is complete diversity of the citizenship as to all parties and the amount in controversy is in excess of $75,000.

## II.      The Notice of Removal is Timely

8.      This Notice of Removal is timely filed within 30 days of the receipt by Transamerica of the service of the Summons and Complaint, and acceptance of service by Silvestri through her counsel as of this date, and is therefore timely under 28 U.S.C. §§ 1441 and 1446(b).

9.      No previous notice of removal has been filed or made to this Court for the relief sought herein.

10.      Defendants' time to respond to the Summons and Complaint has not expired, and Defendants have not served or filed an Answer.

11.      Both Defendants are parties to this Notice of Removal, so no other party's consent is required by 28 U.S.C. § 1446(b)(2)(A).

## III.      Venue is appropriate

12.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because it is the District Court and division embracing the place where this action is pending.

2

IV.     **The Court has Diversity Jurisdiction**

13.     This action is removable because the District Court has original jurisdiction by way of diversity jurisdiction under 28 U.S.C. § 1332.  Pursuant to 28 U.S.C. § 1332(a)(1), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ."

14.     All of the prerequisites in § 1332 are met and diversity jurisdiction exists here: (A) the amount in controversy exceeds $75,000 and (B) the parties have complete diversity in citizenship.

**A.  The Amount in Controversy Requirement is Satisfied**

15.     Plaintiff alleges, among other damages, that Defendants failed to disburse $200,000 in life insurance policy benefits to him after the death of the policy holder.  *See* Complaint, ¶ 16.

16.     The amount in controversy therefore exceeds the sum or value of $75,000 exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

**B.  Complete Diversity of Citizenship Exists Because the Proper Parties are Citizens of Different States**

17.     Plaintiff alleges he is a resident of New Mexico.  *See* Complaint, ¶ 1.

18.     Transamerica is an Iowa corporation authorized by the New Mexico Superintendent of Insurance to do business in the State of New Mexico, with its principal place of business in Iowa.  For purposes of diversity, a corporation is a citizen of the state or foreign state where it is incorporated and where it has a principal place of business.  28 U.S.C. § 1332(c)(1).

19.     Defendant Silvestri is and was a Pennsylvania resident at all times material to the allegations set forth in the Complaint, and was employed by Transamerica as its Claims Representative.

3

20.     Neither Defendant is a citizen of the State of New Mexico for diversity purposes pursuant to 28 U.S.C. §1332(c).

21.     Accordingly, the action is between citizens of different states and complete diversity exists under 28 U.S.C. § 1332(a)(1) because none of the Defendants are citizens of New Mexico.

V.    **Compliance with Procedural Requirements**

22.     Counsel for Defendants hereby certifies, pursuant to 28 U.S.C. § 1446(a), that this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, and a copy of this notice will be served to the Plaintiff.  Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, Defendants will file with this Court a certificate of service of this notice.

23.     Defendants will concurrently file a copy of this Notice of Removal with the Clerk of the First Judicial District Court as required by 28 U.S.C. § 1446(d).

24.     By filing this notice, Defendants do not waive any defenses that may be available to them (including without limitation any defenses relating to service, process, and jurisdiction) and do not concede that the allegations in the Complaint state a valid claim under any applicable law.

**WHEREFORE**, because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, is in excess of $75,000, Defendants Transamerica Life Insurance Company and Stacey Silvestri respectfully request that the action be removed from the First Judicial District Court, Santa Fe County, New Mexico to the United States District Court for the District of New Mexico, and that this Court assume full jurisdiction as if it had been originally filed here.

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By   /s/ Bobbie J. Collins
    Ross L. Crown
    Bobbie J. Collins
    *Attorneys for Defendants*
    201 Third Street NW, Suite 1950
    Albuquerque, New Mexico 87102
    Phone: 505-764-5400
    Fax: 505-764-5464
    rcrown@lrrc.com
    bcollins@lrrc.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and mailed by United States first claim mail, postage prepaid and addressed to:

TRENCHARD & HOSKINS
Royce E. Hoskins
*Attorneys for Plaintiff*
P.O. Box 1995
Roswell, N.M. 88202-1995
(575) 622-7774

R. Trey Arvizu
*Attorneys for Plaintiff*
Post Office Box 1479
Las Cruces, NM 88004
(575) 528-8600

/s/ Bobbie J. Collins
Bobbie J. Collins

5