FILED IN MY OFFICE
DISTRICT COURT CLERK
11/28/2016 9:03:41 AM
STEPHEN T. PACHECO
Jorge Montes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

BRENT SHELLEY,

       Plaintiff,

vs.                                No. D-101-CV-2016-02713

                                       Case assigned to Singleton, Sarah

TRANSAMERICA LIFE INSURANCE COMPANY,
a foreign corporation and STACY SILVESTRI,

       Defendants.

### VERIFIED COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, INSURANCE BAD FAITH, UNFAIR TRADE PRACTICES, VIOLATION OF THE INSURANCE CODE, NEGLIGENCE, BREACH OF FIDICUARY DUTIES AND DECLARATORY RELIEF

COMES NOW, Plaintiff, Brent Shelley, by his undersigned attorneys, Royce E. Hoskins and R. Trey Arvizu, and for his Complaint against the Defendants, Transamerica Life Insurance Company and Stacy Silvestri, states and alleges:

### GENERAL ALLEGATIONS

1.      Plaintiff, Brent Shelley at all times material to the allegations of the Complaint was a resident of Las Cruces, New Mexico.

2.      Plaintiff is informed and believes that Defendant Transamerica Life Insurance Company, (hereinafter "Transamerica Life") is an insurance company authorized to do business in the State of New Mexico. Defendant Transamerica Life may be served with process by serving the Superintendent of Insurance for the Department of Insurance for the State of New Mexico at P.O. Drawer 1269, Santa Fe, New Mexico 87504, by certified mail, return receipt requested.

3.      Upon information and belief, Defendant, Stacy Silvestri (hereinafter "Silvestri"), is or was an Kentucky resident at all times material to the allegations set forth herein, and was at all

# EXHIBIT A

times alleged herein employed by Transamerica Life as its Claims Representative, is the adjuster on Plaintiff's claim subject to this case.

4.      Silvestri is a "person" or "individual" as defined in the New Mexico Insurance Code. See NMSA 1978, Section 59A-1-10(A) and (B) ("'Person' includes an individual…. An 'individual' is a natural person, a human being").  As a person or individual, Silvestri is subject to the provisions of NMSA 1978, Section 59A-16-20.

5.      Silvestri personally committed acts which she knew or should have known to be in violation of the Unfair Claims Practices Act or to be negligent and/or grossly negligent and/or in bad faith and intentional and this resulted in the deprivation of Plaintiff's rights and benefits under the policy as alleged herein.

6.      Plaintiff is informed and believes that Defendant, Transamerica Life, is liable for the acts of co-Defendant Silvestri because in dealing with Plaintiff's claims, she was acting in the course and scope of her employment with Transamerica Life.  Moreover, Plaintiff is further informed and believes that Transamerica Life  participated, authorized and ratified Silvestri's actions toward Plaintiff.

7.      The claims for relief found within this Complaint arise under New Mexico statutory laws and common law, namely, the New Mexico Unfair Trade Practices Act, *NMSA §57-12-1 et. seq.*, the Insurance Code, *NMSA §59A-16-20*, common law concepts of breach of contract, misrepresentation, violations of the covenants of good faith and fair dealing, bad faith, negligence and other elements of New Mexico common law.

8.      The Court has jurisdiction over the parties and over the subject matter of this complaint.

9.      Venue is proper in this Court.

2

## FACTUAL ALLEGATIONS SPECIFIC TO THESE CLAIMS

10.     Plaintiff incorporates herein by this reference the allegations contained in paragraphs 1 through 9 as though set forth in full herein.

11.     On or about December 21, 2015, Plaintiff's wife Estella Shelley died in Las Cruces, New Mexico.  At the time of her death Estella Shelley was married to Brent Shelley.

12.     At the time of her death Transamerica Life had issued an Life Insurance Policy 039J-9NNT.  The policy provides the amounts to be paid based on the death of Estella Shelley of $200,000.00.  Brent Shelley is the sole beneficiary under the policy.  Following the death of Estella Shelley Brent Shelley requested that Transamerica Life tender the policy proceeds.

13.     Plaintiff thereafter made a claim to Transamerica Life  and Co-Defendant Silvestri was the assigned claims adjuster on said claim.

14.     Defendant Silvestri notified Plaintiff per correspondence dated August 25, 2016 that death benefits would not be paid based upon an exclusion pursuant to Part IV , section 4 of the Certificate of Coverage.

15.     An autopsy was performed on Estella Shelley by the Office of the Medical Investigator ( "OMI") per case number2015-06519.  The finding of the OMI were that the manner of death was "Accident".

16.     Plaintiff is entitled to recover death benefits  from Defendant Transamerica Life under the policy of insurance issued to Plaintiff.  Plaintiff has an expectation of coverage for life insurance benefits at the limits of $200,000.00  because he has been making all premium payments on in a timely manner.

17.     Defendants have further failed and breached their duty as an insurance company and as insurance agents by failing to act in good faith in the performance of the contract in that they have

3

failed to give equal consideration to the interests of its policy holder.

18.     There is implied in every insurance policy and/or contract a duty on the part of Defendants to deal fairly with the policy holders, in this instance, Plaintiff.  Defendants have breached this duty to Plaintiff.  As a proximate result of this breach, Plaintiff has been damaged in an amount of at least $200,000.00 or in other amounts as may be proven at trial.  Plaintiff has lost use of his money as well, and therefore also is entitled to pre-judgment interest on any judgment or award.

COUNT I - BREACH OF CONTRACT

19.     Plaintiff incorporates herein by this reference the allegations contained in all preceding paragraphs as though fully set forth in full herein.

20.     Plaintiff Brent Shelley was the legal beneficiary of the $200,000.00 insurance proceeds issued under a life insurance by Transamerica Life.

21.     The $200,000.00 death benefits proceeds pursuant to the policy of life insurance issued by Transamerica Life were triggered by the death of Estella Shelley which occurred on December 21, 2015.

22.     Defendants have failed and refused to pay the $200,000.00 life insurance proceeds pursuant to the policy.

23.     Defendants have breached their contractual obligation to pay the damages incurred by its insured, Plaintiff.

24.     Plaintiff is entitled to recover his attorneys fee and costs in pursuing this action pursuant to §39-2-1 NMSA 1978 (1953).

WHEREFORE, Plaintiff prays for judgment against Defendants for his damages in a sum

4

to be determined at trial of this cause, for pre-judgment and post-judgment interest, attorneys' fees, costs of suit, and for such other and further relief as the Court deems just and proper.

## COUNT II - INSURANCE BAD FAITH

25.     Plaintiff incorporates herein by this reference the allegations contained in all preceding paragraphs as though fully set forth in full herein.

26.     Plaintiff is an insured under the policy of insurance issued to him by Transamerica Life.

27.     Plaintiff has performed all duties and obligations required of him in a timely manner as required under the terms of his policy issued by Transamerica Life, including paying premiums.

31.     Plaintiff sustained a compensable loss under the terms of the policy due to the death of Estella Shelley.

32.     Defendants have a duty to act in good faith and to deal fairly with Plaintiff.

33.     Defendants willfully, recklessly, and without regard for the rights of Plaintiff, breached the duty of good faith and fair dealing owed to Plaintiff by knowingly committing the following acts:

(a)     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to coverages at issue;

(b)     Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

( c)     Failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

(d)     Not attempting in good faith to effectuate prompt, fair and equitable

5

settlements of an insureds' claims in which liability has become reasonably clear;

(e)     Compelling Plaintiff to institute this litigation to recover amounts due under his policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;

(f)     Failing to promptly provide Plaintiff a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

34.     As a direct and proximate result of the death of Estella Shelley, Plaintiff has sustained damages, including but not limited to, the policy proceeds of $200,000.00 which Defendant Transamerica Life has failed to tender.

35.     Plaintiff is entitled to recover his attorneys fees and costs in pursuing this action pursuant to §39-2-1 NMSA 1978 (1953).

WHEREFORE, Plaintiff prays for judgment against Defendants for damages in a sum to be determined at trial of this cause, for pre-judgment and post-judgment interest, attorneys fees, costs of suit, and for such other and further relief as the court deems just and proper.

## COUNT III - VIOLATION OF UNFAIR INSURANCE PRACTICES ACT
### (Against All Defendants)

36.     Plaintiff incorporates herein by this reference the allegations contained in all preceding paragraphs as though fully set forth in full herein.

37.     At all times material, there was in the State of New Mexico a statute NMSA 1984, §59A-16-20, (1997) (hereinafter the "Unfair Insurance Practices Act") defining and prohibiting certain unfair and deceptive insurance practices.

6

38.     The actions of the Defendants, its agents and employees as set forth above constitute unfair insurance trade practices prohibited by NMSA 1984, §59A-16-1 through §59A-16-30.

39.     Defendants have breached the Unfair Insurance Practices Act by knowingly committing the following acts:

(a)     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to coverages at issue;

(b)     Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

(c)     Failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

(d)     Not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

(e)     Compelling Plaintiff to institute this litigation to recover amounts due under her policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; and

(f)     Failing to promptly provide Plaintiff a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

40.     As a direct and proximate result of Defendants' breach of the Unfair Insurance Practices Act, Plaintiff has sustained damages, including but not limited to, past and future medical billings, past and future pain and suffering, loss of enjoyment of life, and permanent injuries.

41.     Plaintiff is entitled to recover his attorneys fees and costs in pursuing this action

7

pursuant to NMSA 1978, §39-2-1 (1953).

WHEREFORE, Plaintiff prays for judgment against Defendants for his damages in a sum to be determined at trial of this cause, for pre-judgment and post-judgment interest, attorneys fees, costs of suit and such other and further relief as this Court deems just and proper.

### COUNT IV - NEGLIGENCE AND BREACH OF FIDUCIARY DUTY
### (Against Defendants Transamerica Life and Silvestri)

42.     Plaintiff incorporates herein by this reference the allegations contained in all preceding paragraphs as though fully set forth in full herein.

43.     Defendant Silvestri owed a fiduciary duty to Plaintiff by statute and by common law to ensure that Plaintiff be covered by the insurance she requested, expected and paid for.

44.     The acts of Defendant Silvestri were done in the course and scope of her duties to Defendant Transamerica Life and, as a result, Defendant Transamerica Life is vicariously liable for Defendant Silvestri's negligence, mistakes and other wrongful acts as alleged herein.

45.     Defendants breached their fiduciary and common law duties to Plaintiff by failing to effectuate Plaintiff's expectation of coverage as alleged herein.

46.     As a proximate result of Defendant Silvestri's negligence and/or mistakes, Plaintiff has been damaged in an amount of at least the policy limits of $200,000.00  Plaintiff would be entitled to but for Defendant Silvestri's negligence as alleged herein.

WHEREFORE, Plaintiff prays this Court grant his judgment in an amount to be proven at trial; pre-judgment interest on any amount awarded to Plaintiff, for all relief requested herein in all Counts, for attorney's fees and costs of suit incurred herein, and for such other and further relief as the Court deems just and proper.

### COUNT V- PUNITIVE DAMAGES
### (Against All Defendants)

8

47.     Plaintiff incorporates herein by this reference the allegations contained in all preceding paragraphs as though fully set forth in full herein.

48.     Defendants Transamerica Life and Silvestri's actions were meant to not only delay but ultimately to refuse to pay a fair settlement under the insurance contract of the amount actually due. Defendant Silvestri was grossly negligent as was her breach of fiduciary duty as alleged herein.

49.     Defendants' conduct and actions alleged throughout this Complaint were so willful, wanton, reckless, grossly negligent, or without due regard for the rights of Plaintiff that Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for his damages set forth above, including punitive damages, plus such other and further relief as this Court deems just and proper.

Respectfully submitted,

TRENCHARD & HOSKINS
Attorneys at Law
P.O. Box 1995
Roswell, New Mexico 88202-1995
505-622-7774
505-622-4705 Fax

&

R. Trey Arvizu
Attorney at Law
P.O. Box 1479
Las Cruces, NM 88004-1479
575-528-8600
575-527-1199 Fax

By:      */S/ Royce E. Hoskins*
         Royce E. Hoskins

9

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/13/2016 8:05:55 AM
STEPHEN T. PACHECO
Maureen Naranjo

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
<tr>
<td>District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>P.O. Box 2268<br>Santa Fe, NM 87504-2268<br>Court Telephone No.: 505-455-8250</td>
<td>Case Number: D-101-CV-2016-02713<br><br>Judge:   Sarah Singleton</td>
</tr>
<tr>
<td>Plaintiff(s): Brent Shelley<br><br>v.<br><br>Defendant(s): Transamerica Life Insurance Company, a foreign corporation and Stacy Silvestri</td>
<td>Defendant Name:<br><br><br>Stacy Silvestri<br>c/o Superintendent of Insurance<br>P.O. Drawer 1269<br>Santa Fe, NM 87504</td>
</tr>
</table>

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

**1.**      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.**       You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at ___Santa Fe_____, New Mexico, this __13th__ day of __December__ , 20_16_ .

Stephen T. Pacheco
CLERK OF COURT

By: _Maureen Naranjo_
    Deputy

                                ___*/s/ Royce E. Hoskins*___
                                 Signature of Attorney for Plaintiff
                                 Name: Royce E. Hoskins
                                 Address: P.O. Box 1995,
                                 Roswell, NM 88202-1995
                                 Telephone No.: 575-622-7774
                                 Fax No.:  575-622-4705
                                 Email Address: royce.hoskins@gmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.


## RETURN[1]


STATE OF NEW MEXICO  )
                           )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]  to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]  to _____, an agent authorized to receive service of process for defendant _____.

[ ]  to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]  to _____ (*name of person*), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007;  by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/13/2016 8:05:55 AM
STEPHEN T. PACHECO
Maureen Naranjo

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" align="center">**SUMMONS**</td></tr>
<tr>
<td>District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>P.O. Box 2268<br>Santa Fe, NM 87504-2268<br>Court Telephone No.: 505-455-8250</td>
<td>Case Number: D-101-CV-2016-02713<br><br>Judge: Sarah Singleton</td>
</tr>
<tr>
<td>Plaintiff(s): Brent Shelley<br><br>v.<br><br>Defendant(s): Transamerica Life Insurance Company, a foreign corporation and Stacy Silvestri</td>
<td>Defendant Name:<br><br>Transamerica Life Insurance Company<br>c/o Superintendent of Insurance<br>P.O. Drawer 1269<br>Santa Fe, NM 87504</td>
</tr>
</table>

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

**1.**      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.**       You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at ___Santa Fe_____, New Mexico, this _13th_ day of __December__, 20_16_ .

Stephen T. Pacheco
CLERK OF COURT

By: 

Deputy

_____/s/ Royce E. Hoskins_____
Signature of Attorney for Plaintiff
Name: Royce E. Hoskins
Address: P.O. Box 1995,
Roswell, NM 88202-1995
Telephone No.: 575-622-7774
Fax No.: 575-622-4705
Email Address: royce.hoskins@gmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

### RETURN[1]

STATE OF NEW MEXICO   )
                                            )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this
lawsuit, and that I served this summons in _____ county on the _____ day of
_____, _____, by delivering a copy of this summons, with a copy of complaint attached,
in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons
and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when
service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the
usual place of abode of defendant _____, (*used when the defendant is not presently
at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert
defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____(*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007;  by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/28/2016 9:03:41 AM
STEPHEN T. PACHECO
Jorge Montes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

BRENT SHELLEY,

           **Plaintiff,**

vs.                            **No. CV** D-101-CV-2016-02713

                                      Case assigned to Singleton, Sarah

**TRANSAMERICA LIFE INSURANCE COMPANY,**
**a foreign corporation and Stacy Silvestri,**

           **Defendants.**

<u>DEMAND AND REQUEST FOR JURY TRIAL</u>

Please take notice that Plaintiff Brent Shelley demands trial by a jury of six in this action.

                          Respectfully submitted,

                          TRENCHARD & HOSKINS
                          Attorneys at Law
                          P. O. Box 1995
                          Roswell, N.M. 88202-1995
                          575-622-7774
                          575-622-4705 Fax

                      By:    */S/ Royce E. Hoskins*
                              Royce E. Hoskins
                              ATTORNEYS FOR PLAINTIFF